## DYER DAVIS *vs.* INHABITANTS OF DUDLEY.

A town is not responsible in damages if a horse, being frightened by an accident, breaks away from his driver and escapes from all control, and afterwards while running at large meets with an injury through a defect in a highway.

TORT to recover damages for an injury to the plaintiff's horse, sustained by reason of a defective highway. At the trial in the superior court, before *Morton*, J., a verdict was returned for the plaintiff, and the defendants alleged exceptions. The facts are stated in the opinion.

*F. H. Dewey*, for the defendants, cited *Marble* v. *Worcester*, 4 Gray, 395; *Rowell* v. *Lowell*, 7 Gray, 102; *Kidder* v. *Dunstable*, Ib. 104; *Richards* v. *Enfield*, 13 Gray, 346; *Moore* v. *Abbot*, 32 Maine, 46; *Farrar* v. *Greene*, Ib. 574; *Coombs* v. *Topsham*, 38 Maine, 204; *Anderson* v. *Bath*, 42 Maine, 346.

*P. C. Bacon & P. E. Aldrich*, for the plaintiff. It is not now denied that there was a defect in the highway, or that the plaintiff used ordinary care. No examination would have enabled him to discover the flaw in the bolt. *Ingalls* v. *Bills*, 9 Met. 1. The breaking of the bolt was a pure accident, and was the primary cause of the injury. But where the injury is the combined result of an accident and a defect in the highway, and would not have happened but for the defect, the town is liable. *Palmer* v. *Andover*, 2 Cush. 600. *Kelsey* v. *Glover*, 15 Verm. 708. The present case is within the principle of *Palmer* v. *Andover*.

MERRICK, J. It was shown on the trial that the plaintiff was riding, at the time and on the highway described in the declaration, in a sleigh, and that he was using due care; that in consequence of a secret defect, the bolt connecting the cross bar and thills with the sleigh broke and let them fall upon the heels of the horse; that the horse thereupon became frightened, and having got detached from the sleigh and loosened from the control of the driver, ran about thirty rods, in a straight course, and there struck a pile of wood lying partly within the wrought and travelled portion of the way, and thereby broke his leg. The

court ruled, in reference to these facts, that if, without any fault of his, the horse broke away from the sleigh and ran and was injured as above mentioned, the plaintiff was entitled to recover compensation from the defendants for the damage caused by the injury. To this ruling they excepted.

It is now perfectly well settled, that to maintain an action of this kind, it is incumbent upon the plaintiff to prove that he sustained an injury in his person or property by means of a defect in the highway while he was himself using due care. It is conceded in this case by the defendants that the plaintiff did at the trial make all necessary proof in relation to the highway, the defect in it, and the injury to the horse. And they also concede, that he was in the exercise of due and proper care at the time of the occurrence of the accident by which the horse became detached from the sleigh. But they deny that he produced any evidence tending to show that he was using due care, or any care whatever, at the time when the horse struck against the wood-pile and received the injury complained of. And they thereupon contend that, the plaintiff having failed to show that he was then exercising the degree of care which the law makes essential to his right to recover compensation for the damage caused by the injury received, this action cannot be maintained, and therefore that the ruling of the court to which they took exception was erroneous.

This objection must be sustained. It is apparent from the facts stated in the bill of exceptions that the horse, after breaking away from the sleigh and the control of the driver, was not the subject of any care whatever up to, and at, the moment when his leg was broken. None could be taken of him under the existing circumstances. He was wholly beyond the reach of the driver, from whose control he had escaped, and ran at large, wildly, excited by fear, and under no guidance, direction or care. The plaintiff therefore unavoidably failed to show the exercise of due care, because it was not, and could not have been, at that time exerted. It is his misfortune that by the imperfection of the bolt, which was attributable to no inattention or negligence of his own, an accident occurred, by means of

which his horse was completely separated from him, so that it was impossible for him afterwards to manage or take any care of the animal. And therefore he can maintain no action for the injury subsequently suffered, because he is unable to prove a material fact essential to his legal right to recover for the damage it occasioned.

But the plaintiff insists that the injury to the horse was the effect of the accident and of the unlawful obstruction in the highway, acting together as combined causes to produce it. And he cites and relies upon the principle of law, developed and applied in the decision of the case of *Palmer* v. *Andover*, 2 Cush. 600, that where the loss is the combined result of an accident and of a defect in the road, and the damages would not have been sustained but for the defect, although the primary cause be a pure accident, yet if there be no fault or negligence on the part of the plaintiff, and the accident was one which common prudence and sagacity could not have provided against, the town is liable. This principle of law was most pertinent and applicable to the facts in that case, in which it was shown that, as the carriage driven by the plaintiffs was descending a steep hill, somewhat rapidly, a nut screwed on to the end of a bolt, which attached the pole and harness of the horses to the carriage, came off, and in consequence of it the bolt immediately drew out, whereby the horses with their harnesses were separated from the carriage, which then went uninterruptedly straight forward, under the influence of the momentum it had already acquired, and without the intervention or application of any force additional to that then acting upon it, over an embankment wall, where there was no sufficient railing, and thereby caused the injury to the plaintiffs of which they complained. There, the two causes were manifestly combined in producing the result. The accident precipitated the carriage upon the place where the defect in the highway existed, and the injury which ensued was the necessary, direct and immediate consequence of both. Up to the very moment of its occurrence, the plaintiffs continued to exercise due care. Otherwise they could not have maintained their action ; for the court carefully and distinctly

added to the statement of the principle of law relative to the effect of combined causes, that the doctrine laid down on the subject in no degree conflicts with the well settled rule requiring the plaintiffs to use ordinary care and diligence, and that without showing this they could not recover. The facts in the present case are widely different, and afford no occasion for the application of the doctrine by which, in the decision of that case, the court were influenced and controlled. Here the accident and injury were not coincident, but were separate and produced by separate causes. The effect of the accident as a procuring cause was complete when the horse, frightened by the falling of the cross bar and thills upon his heels, became detached from the sleigh and had escaped from the control of the driver. The blind violence of the animal, acting without guidance or direction, became, in the course and order of incidents which ensued, the supervening and proximate cause of the injury inflicted by his running against the wood-pile, which constituted an unlawful obstruction and defect in the highway. In this succession of events, it happened that the accident placed the owner in a situation where it was out of his power to exercise the care over the horse while this new cause was in operation, and until it had contributed to produce the disaster by which his leg was broken.

In the construction of the statute which provides that if any person suffers bodily injury, or damage to his property " through, by reason, or by means of " a want of repair, or of a defect, in a public highway, he may recover of the town obliged to maintain it the damages thereby sustained, it is a rule that the proximate, and not the remote, cause of the injury, must be the subject of inquiry, and that the town is responsible for the operation and effect of the former and not of the latter. Gen. Sts. *c.* 44, § 22. Hence it is always necessary to ascertain the effect of successive causes. In the case of *Marble* v. *Worcester*, 4 Gray, 395, it is said that the town is liable only for the direct and immediate loss occasioned by a defect in the highway, and that it is a necessary consequence from this rule, that for damages arising from a more remote cause no action can be

maintained. In that case it appeared that by means of a defect in the highway, the sleigh in which a person was riding was turned over, the driver thrown out upon the ice, the horse became frightened, and by his violent action broke away from the sleigh and the control of the driver. This was the first and immediate effect of the insufficiency of the way, for which undoubtedly the city was responsible. But the horse having become thus detached, and left at large, ran through an adjacent street for a distance of fifty rods, and there struck and injured a person travelling on the highway and using all due care, and the city was held not to be responsible for the injury, because the defect in the way was the remote, and not the proximate, cause of it. There is still less reason in this, than in that case, for holding the town to be chargeable for the damages sustained by the injury received. In considering the several causes which were necessarily in operation antecedently to the occurrence of the injury, it is apparent that the first, which consisted in the fracture of the connecting bolt in the plaintiff's sleigh, was not the result of any want of repair, or of any defect, in the highway for which the town was responsible, but did result from the imperfect construction of one part of the plaintiff's vehicle, which it was his business to see was strongly built, and safe for the purpose for which it was used. The accidental breaking of the bolt was a personal misfortune, the direct consequence of which was all to be borne by the plaintiff himself. It is one of those consequences, that it disables him from recovering compensation for the loss and damage resulting from the injury to his horse, because having lost all opportunity and power of using, it is impossible for him to prove that he did use, due and ordinary care to prevent it; and therefore since he cannot establish this indispensable preliminary fact, he can maintain no action against the defendants, although the defect in the highway for which the town was responsible was the immediate cause of it.

There are expressions attributed to the court in the report of the case of *Howard* v. *North Bridgewater*, 16 Pick. 189, from which it would appear, without particular scrutiny, that an opinion different from that now expressed was then entertained by

the court. The facts in that case were in many particulars very similar to those shown upon the trial in this. The real question in that case however was, whether the obstruction there complained of was a defect in the highway which made the town liable for injuries caused by it. That was the only question raised in the case, and the only ground upon which the defendants chose to place their defence. Whatever therefore was said concerning their liability as resulting from a previous accident could not have been said in reference to any point in controversy, or to any decision which was made. And as the opinion of the court does not appear to have been written or prepared by any of its members, it is possible, and perhaps probable, that the reporter introduced into his report the expressions referred to, without the explanations and qualifications which accompanied them. But if they were used just as is stated, not having been applicable to any question raised, or any point decided, these expressions cannot be considered as an authority in support of the position which the plaintiff attempts to maintain.

*Exceptions sustained.*